UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN E. ISOM,

        Petitioner,

v.                                                               Case No. 07-C-0047

RICHARD S. SCHNEITER, Warden,

        Respondent.

## ORDER ON RULE 4 REVIEW

On January 16, 2007, the petitioner, John E. Isom ("Isom"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to Isom's petition and the materials filed therewith, on March 29, 2002, Isom was convicted by a jury of one count of possession of a firearm by a convicted felon, in violation of Wis. Stats. §§ 941.29(2m) and 939.62, and one count of delivery of a controlled substance, cocaine, in violation of Wis. Stats. §§ 961.16(2)(b)(1), 961.41(1)(cm)1 and 939.05. On May 3, 2002, he was sentenced by Milwaukee County Circuit Court Judge William B. Sosnay to serve ten years in prison on the gun count (four years initial confinement, six years extended supervision) and to nine years (consecutive) on the drug count (three years initial confinement, six years extended supervision). Isom subsequently filed several motions for postconviction relief as well as a petition for a writ of habeas corpus in the Wisconsin Court of Appeals, all of which were denied.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from Isom's petition that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition and the briefing schedule which is set forth below will thereafter govern the processing of Isom's petition. Because Isom has already filed a memorandum of law in support of his petition, the first brief to be filed in accordance with the schedule set forth below is the brief of the respondent.

**NOW THEREFORE IT IS ORDERED** that on or before March 16, 2007, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before April 15, 2007, the respondent shall file a brief in response to the petitioner's memorandum of law;

**IT IS FURTHER ORDERED** that on or before May 15, 2007, the petitioner shall file his reply brief;

**SO ORDERED** this 23rd day of January 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge