UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN E. ISOM,

    Petitioner,

v.                                        Case No. 07-C-0047

JAMES NAGLE, Superintendent,

    Respondent.

**DECISION AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS**

### I. PROCEDURAL BACKGROUND

On January 16, 2007, the petitioner, John E. Isom ("Isom"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to Isom's petition and the materials filed therewith, on March 29, 2002, Isom was convicted by a jury of one count of possession of a firearm by a convicted felon, in violation of Wis. Stat. §§ 941.29(2m) and 939.62, and one count of delivery of a controlled substance, cocaine, in violation of Wis. Stat. §§ 961.16(2)(b)(1), 961.41(1)(cm)1 and 939.05. On May 3, 2002, he was sentenced by Milwaukee County Circuit Court Judge William B. Sosnay to serve ten years in prison on the gun count (four years initial confinement, six years extended supervision) and to serve nine years (consecutive) on the drug count (three years initial confinement, six years extended supervision).

Isom did not appeal from his judgment of conviction (Case No. 02CF000659). However, on March 21, 2003, Isom filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. On March 24, 2003, the Milwaukee County Circuit Court denied his motion. Isom appealed the circuit court's decision to the Wisconsin Court of Appeals. On July 27, 2004, in Case No. 03-1025, the

court of appeals affirmed the circuit court's decision. Isom filed a petition for review with the Wisconsin Supreme Court. On November 17, 2004, the supreme court denied his petition for review.

Thereafter, on December 10, 2004, pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), Isom filed a petition for a writ of habeas corpus with the Wisconsin Court of Appeals, alleging that he had received ineffective assistance of counsel from his postconviction counsel (Case No. 04-3200-W). On January 14, 2005, the Wisconsin Court of Appeals denied his petition. Isom thereafter filed a petition for review with the Wisconsin Supreme Court. However, on or shortly after March 2, 2005, Isom filed with the supreme court a "Motion for Dismissal of Writ of Habeas Corpus." Construing Isom's motion as a motion to dismiss the petition for review, the supreme court granted the motion on March 8, 2005.

Thereafter, on May 4, 2005, Isom filed with the Milwaukee County Circuit Court another postconviction motion pursuant to Wis. Stat. § 974.06. That motion was denied by the circuit court on May 9, 2005. Isom appealed that decision to the Wisconsin Court of Appeals (Case No. 2005AP1449). On July 18, 2006, the court of appeals affirmed the decision of the circuit court. Isom filed a petition for review with the Wisconsin Supreme Court. On October 10, 2006, the supreme court denied Isom's petition for review.

While his appeal in Case No. 2005AP1449 was pending before the Wisconsin Court of Appeals, Isom filed a petition for a writ of habeas corpus with the Milwaukee County Circuit Court. This was done on August 19, 2005 (Case No. 05-CV-7572). Isom's habeas corpus petition was denied by the circuit court on August 26, 2005. Isom appealed that decision. On August 29, 2006, in Appeal No. 2005AP2428, the Wisconsin Court of Appeals affirmed the circuit court's decision denying Isom's petition for a writ of habeas corpus. Isom filed a petition for review with the

2

Wisconsin Supreme Court. On December 5, 2006, the supreme court denied his petition for review. Shortly thereafter, on January 16, 2007, Isom filed this federal habeas corpus petition.

## II. HABEAS CORPUS STANDARDS

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corr.*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("'[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.'") (quoting *Hass v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990)).

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214, which provides, in pertinent part, that the federal courts may not grant habeas relief under Section 2254 unless the state court's judgment

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000) (quoting *Hogan v. Hanks*, 97 F.3d 189, 192 (7th Cir. 1996)). A federal habeas court may not rely on its own precedent or that of circuit courts of appeals. There must be Supreme Court precedent to support the petitioner's claim and that Supreme Court precedent must have clearly established the relevant legal principle as of the time of the petitioner's direct appeal. *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999).

A state court decision results in an "unreasonable application" of clearly established federal law when that court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2)

3

"unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). However, a federal habeas court may not grant relief under the "unreasonable application" prong unless the state court's application of Supreme Court precedent "l[ies] well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002). A state court decision "'minimally consistent with the facts and circumstances of the case'" is not unreasonable. *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004) (citation omitted).

Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

The AEDPA's deferential standard of review only applies where a state court has adjudicated a petitioner's claim on the merits. *Canaan v. McBride*, 395 F.3d 376, 382 (7th Cir. 2005); *Braun v. Powell*, 227 F.3d 908, 916 (7th Cir. 2000). Where there is no state court decision on the merits, a federal habeas court applies the standard of 28 U.S.C. § 2243, and disposes of the petitioner's claim "as justice and law require." *Id.* at 917.

That having been said, before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give

4

the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (internal quotations omitted). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). In other words, the petitioner must have fairly presented his claim to all levels of the state judiciary, including a petition for discretionary review in the state's highest court. *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). Although interrelated, courts have discussed exhaustion of state remedies and procedural default as separate issues.

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Guest v. McMann*, 474 F.3d 926, 930 (7th Cir. 2007); *see also Badelle v. Correll*, 452 F.3d 648, 661 (7th Cir. 2006).

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state, *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996).

5

A petitioner's claims are also procedurally defaulted if the petitioner fails to comply with a state procedural rule while presenting his or her federal claims to the state courts, and the state court's ruling against the petitioner rests on the state procedural rule. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). In order for this bar to apply, the state procedural rule must be independent of the federal question and adequate to support the judgment. *Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2002). A state court determination is independent of federal law if it does not depend upon the merits of a federal constitutional ruling. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). A state court finding of procedural default is adequate only if the procedural rule the state court applied is "firmly established and regularly followed." *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000) (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)). Whether a procedural rule is independent is a question of state law, and whether it is adequate is governed by federal law. *Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997).

Under the doctrine of procedural default, a federal habeas court will not review defaulted claims unless the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50 (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. The petitioner must also show that the errors of which he complains "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of

6

constitutional dimensions." *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner is required to show that he is "'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray*, 477 U.S. at 496). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

### III. DISCUSSION

As previously stated, on January 16, 2007, Isom filed this federal habeas corpus petition. In his federal petition, Isom asserts four claims: (1) ineffective assistance of postconviction counsel; (2) that the sentence was imposed by a "tribunal that was without jurisdiction of subject matter and person"; (3) that the failure to afford Isom an initial appearance and preliminary hearing violated his right to due process; and (4) that the trial court erred in allowing the "amending of unrelated drug evidence into the . . . proceeding for weapons violation" and in giving erroneous jury instructions." (Pet. ¶ IV.)

The respondent opposes all of Isom's claims. Before even addressing the "merits" of the claims, however, a preliminary issue must be addressed: whether Isom procedurally defaulted some or all of his claims.

The first of Isom's claims, i.e., ineffectiveness of postconviction counsel, was first presented to the Wisconsin Court of Appeals by way of a *Knight* petition for a writ of habeas corpus. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). On January 14, 2005, the Wisconsin Court of Appeals denied his habeas petition. On February 14, 2005, Isom filed a petition for review with the Wisconsin Supreme Court. In that petition for review, Isom presented a number of questions for review, one of which was identified as follows:

> **VI. The petitioner has a constitutional right to effective assistance of counsel through his first appeal:**
>
> (A.) Appellate counsel never filed an appeal on the petitioner['s] behalf instead abandoned the petitioner without presenting any of the above stated claims to the court for review. This caused prejudice to the petitioner because not knowing [] [h]ow to present or preserve his claims for appeal. Time expired on the appeals process due to counsel's neglect. Despite the petitioner expressing the strong desire to be heard by the trial court and the court of appeals.

(Pet. ¶ VI.) Such being the case, Isom initially presented his ineffective assistance of postconviction counsel claim to the Wisconsin Supreme Court. However, on or shortly after March 2, 2005, Isom filed with the supreme court a "Motion for Dismissal of Writ of Habeas Corpus." Construing Isom's motion as a motion to dismiss the petition for review, the supreme court granted the motion on March 8, 2005. In doing so, the court stated as follows:

> The court having considered the motion for dismissal of writ of habeas corpus filed by petitioner, John E. Isom, which it construes as a motion to dismiss the petition for review,
>
> **IT IS ORDERED** that the motion is granted and the petition for review is dismissed. However, the dismissal is with prejudice because more than 30 days has passed since the court of appeals' decision of January 14, 2005 and thus a second petition for review in the future would be untimely. Further, this court will not set a schedule for a postconviction motion. Petitioner shall have available to him whatever the statutes permit and what he may be granted by the appropriate lower court.

By filing the motion to dismiss his *Knight* petition, Isom deprived the Wisconsin Supreme Court of the opportunity to review the court of appeals' decision on his ineffective assistance of postconviction counsel claim. And because he did so, it would appear that he procedurally defaulted such claim, thereby depriving this court of the ability to review the merits of such claim, unless Isom can show either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50. Beyond conclusory remarks in his reply brief,

Isom has not made any effort to show cause and prejudice or that failure to consider the claim would result in a fundamental miscarriage of justice.

Even assuming, however, that Isom has not procedurally defaulted such claim, this court would nevertheless deny it. This is because the court of appeals' decision was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d).

More precisely, in rejecting Isom's claim of ineffectiveness of postconviction counsel, the court of appeals stated as follows:

> Isom's basic claim is that his appointed postconviction counsel, Attorney Ann T. Bowe, advised him that there were no issues of potential merit and asked whether he wished her to file a no-merit report, but did not explain the no-merit process. He explains that he disagreed with Attorney Bowe's no-merit assessment and had "every intention of pursuing his appellate rights." He contends that counsel abandoned him without filing a no-merit report, and suggests that because he disagreed with counsel's assessment, Attorney Bowe was required to file a no-merit report.
> 
> . . .
> 
> To his petition, Isom has attached a February 7, 2003 document indicating that he accepted Attorney Bowe's no-merit conclusion, even though he did not agree with it, and gave Attorney Bowe permission to close his file. In addition, Isom has attached a February 7, 2003 letter to Attorney Bowe in which he states emphatically that he does not want a no-merit report filed and that she should close his file.
> 
> These documents undercut Isom's claim that Attorney Bowe failed to explain the no-merit process and abandoned him. Instead, the materials demonstrate that Attorney Bowe presented Isom with a list of options relating to her conclusion that there would be no merit to further postconviction or appellate proceedings. Attorney Bowe specifically offered to file a no-merit report on Isom's behalf, and she also advised Isom that he could elect to have her close his file without filing a no-merit report filed on his behalf, among other options. Among all the options outlined by counsel, Isom clearly chose to have Attorney Bowe close the file without filing a no-merit report.
> 
> A defendant who claims ineffective assistance of counsel must show that counsel's conduct was not objectively reasonable and that counsel's ineffectiveness

9

> prejudiced the defense. *Knight*, 168 Wis. 2d at 514 n.2. Here, the materials submitted by Isom indicate that Attorney Bowe properly informed Isom of his postconviction and appellate options, and that Isom clearly instructed Attorney Bowe to refrain from filing a no-merit report and to close her file. Attorney Bowe's reliance on these instructions in closing the file and not taking further action on Isom's behalf are objectively reasonable. Because Isom's petition demonstrates that Attorney Bowe properly informed him of his postconviction and appellate options and that Isom directed Attorney Bowe to close his file without taking further action on his behalf,
>
> **IT IS ORDERED** that the petition for a writ of habeas corpus is denied.

(Ct. App. Jan. 14, 2005 Order at 1-3.)

I have now reviewed the documents to which the court of appeals refers in its decision. Upon a review of the same, it is my opinion that the court of appeals' decision was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. To the contrary, the court's decision was a reasonable application of *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Moreover, the court gave a reasonable construction to the documents submitted by Isom. Such being the case, to the extent that Isom claims that he is entitled to federal habeas corpus relief based on the ineffectiveness of postconviction counsel, his claim must be denied.

Isom's next three claims seem to be interrelated with one another. More precisely, Isom's second claim is that the sentence was imposed by a "tribunal that was without jurisdiction of subject matter and person"; his third claim is that the failure to afford him an initial appearance and preliminary hearing violated his right to due process; and his fourth claim, in part, is that the trial court erred in allowing the "amending of unrelated drug evidence into the . . . proceeding for weapons violation."

Isom seems to have presented these claims to the circuit court in his motion for postconviction relief that was filed on March 21, 2003. But those claims were all denied by the circuit court in its decision of March 24, 2003. In that decision the circuit court stated, *inter alia*:

> The defendant has filed a form motion, checking off the boxes which he believes apply to his case. He has also written in other issues which he believes have merit, and he has also set forth his statement on a separate page. All of the issues he raises are conclusory, and his statement is conclusory as well. Consequently, he does not set forth the requisite factual support necessary to sustain the types of claims that he makes in his motion. Based on the principles set forth in State v. Bentley, 201 Wis. 2d 303 (1996), the motion is denied.
>
>> [I]f the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing.
>
> Nelson v. State, 54 Wis. 2d 489, 497-498 (1972).
>
> The defendant, having presented only conclusory allegations in his motion, is not entitled to the relief he requests (release from custody).

(Dec. and Order of March 24, 2003.)

In its decision of July 27, 2004, the Wisconsin Court of Appeals identified and then addressed, at least to some degree, the claims that had been submitted by Isom in his March 21, 2003 motion for postconviction relief. Specifically, in a footnote to its July 27, 2004 decision, the court of appeals stated as follows:

> In his postconviction motion, Isom repeatedly complained about a belatedly filed drug charge, which was the cocaine conviction. Without addressing the merits of those deficiently presented claims, we provide a brief context to Isom's repeated yet undeveloped criticisms about what he mischaracterized as an unexpected, impulsive charge. Shortly before trial, the State filed an amended complaint and information, also charging Isom with delivering no more than five grams of cocaine as a party to the crime. That belated charge involved many of the same facts as the firearm charge because both allegedly arose out of the same set of circumstances, namely Isom was charged with being a felon in possession of a firearm who was "acting as a lookout" for his brother who was allegedly dealing cocaine. The prosecutor told the trial court that he has provided defense counsel with those

11

> pleadings "about ten days ago," and that Isom "understood should the matter go to trial, the [S]tate w[ould] be proceeding on drug charges as well."

(Ct. of App. Dec., n. 2.)

The court of appeals then proceeded to list those claims which Isom had handwritten on the postconviction motion. They included: "Denial of a preliminary hearing on drug charge; The separate weapon violation for the same weapon; Drug charge amended to weapons violation." (Ct. of App. Dec. at 3.) The court further stated: "Isom also claimed: . . . (3) trial counsel failed to prepare a defense to the belatedly filed drug charge; (4) the complaint was belatedly amended shortly before trial; [and] (5) no preliminary hearing was held on the belatedly filed charge." (Ct. of App. Dec. at 3.) Such being the case, Isom seems to have presented to the court of appeals those afore-listed claims that he now presents to his court. And the court of appeals denied all of his claims.

To be sure, Isom thereafter filed a petition for review with the Wisconsin Supreme Court, a petition for review which, as previously stated, was denied on November 17, 2004. Significantly, however, in his petition for review Isom did not present with any reasonable specificity any of the claims which he now seeks to present to this court. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, Isom has procedurally defaulted such claims, unless he can show cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50. Once again, however, Isom has not made either showing. Such being the case, this court will not address the merits of such claims.

Isom's final claim is that the trial court gave erroneous jury instructions. As the respondent accurately points out, it would appear that the first time Isom raised a claim of instructional error was

12

in the appeal brief-in-chief that he filed with the court of appeals in Case No. 2005AP1449. This was the appeal from the circuit court's denial of Isom's second Wis. Stat. § 974.06 postconviction motion. The claim was presented in the context of ineffective assistance of counsel. More particularly, in that brief Isom stated as follows:

> Counsel failed to object to the jury being instructed on erroneous information. The jury's instructions were unconstitutional because the jury was deliberately instructed on erroneous information. When the state failed to present the actual drug violation to the jury. Failing to inform the jury of the proper elements the state must prove beyond a reasonable doubt.

(Appellant's Br. at 10-11.)

In its decision of July 18, 2006, the court of appeals affirmed the circuit court's denial of Isom's postconviction motion. Isom thereafter filed a petition for review with the Wisconsin Supreme Court, which petition was denied on October 10, 2006. But, Isom never presented in his petition for review a claim challenging any jury instructions. Indeed, his entire petition for review reads as follows:

> Now comes the petitioner John E. Isom, appearing as a pro-se litigant in the above action reserving his right to challenge the courts' jurisdiction. Moves pursuant to Rule Sec. 809.62, W.S.A., for this honorable Supreme Court. To review the Court of Appeals decision dated 18 July 2006 denying the petitioner's request for post-conviction relief pursuant to Sec. 974.06 W.S.A.
>
> The reason for this motion is to have this honorable court to review post-conviction counsels failure. To file a post-conviction motion pursuant to Sec. 974.02 W.S.A. to preserve the petitioner's claims for appellate review. Post-conviction counsel only sought to file a no-merit petition without first filing the post-conviction motion. The claims must first be preserve[d] in the Circuit Court before the claims can be acknowledged as meritable issues. Isom did request his file be closed but only after counsel informed him she would only file a no-merit report. The record also reveals Isom was not properly informed of his rights in choosing to have counsel close his file. Counsel failed to seek proper relief f[ro]m the courts before abandoning her client. The petitioner explained that the 974.06 post-conviction motion the Court of Appeals refers to in its' [sic] decision.
>
> As having been previously filed was a meritless motion and both the Circuit Court and the Court of Appeals. Was without jurisdiction to render a decision on this

13

> motion because it failed to comply with the rules and guidelines setforth [sic] in Sec. 974.06 and Sec. 974.02 W.S.A. This post-conviction motion was filed prematurely and should have been dismissed []by courts as such. Therefore each court was without jurisdiction to render a decision. As for the habeas corpus petition referred to in the Court of Appeals decision it was filed in the Court of Appeals as a knight petition challenging appellate counsels' ineffectiveness not post-conviction counsel.

(Pet. for Rev.) Because Isom did not present his "jury instruction" claim to the Wisconsin Supreme Court in the petition for review, such claim has been procedurally defaulted.

In conclusion, and for all of the foregoing reasons, Isom's petition for a writ of habeas corpus will be denied.

**NOW THEREFORE IT IS ORDERED** that petitioner John E. Isom's petition for a writ of habeas corpus be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 7th day of February 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge